UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

QUATRAIL SMITH,

              Plaintiff,              Case No. 1:22-cv-12318

v.                                          Honorable Thomas L. Ludington
                                                   United States District Judge

GENESEE COUNTY JAIL,

              Defendant.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

Plaintiff Quatrail Smith, imprisoned at the Saginaw Correctional Facility in Saginaw, Michigan, has filed a *pro se* civil-rights complaint against the Genesee County Jail under 42 U.S.C. § 1983. He alleges Genesee County officers used excessive force, "sent [him] to the hole," negligently permitted another inmate to assault him, and denied him medical treatment.

As explained hereafter, the complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. Petitioner will also be denied a certificate of appealability and permission to appeal *in forma pauperis* because an appeal from this decision cannot be taken in good faith.

I.

Plaintiff is proceeding *in forma pauperis*. ECF No. 6. Accordingly, the complaint must be dismissed *sua sponte* before service on the defendant if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c). The same is true of complaints seeking redress against government entities, officers, or employees. *See* 28 U.S.C. § 1915A.

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil-rights complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). Still, Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." FED. R. CIV. P. 8(a)(2), (3). Although this standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Plaintiff must also allege the deprivation was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333–36 (1986).

## II.

Plaintiff's § 1983 Complaint must be dismissed because he has sued the "Genesee County Jail." Section 1983 liability is imposed on any "person" who violates someone's federal constitutional or statutory rights. It is well settled that county jails, sheriff departments, and other

governmental agencies are not a "person" subject to suit under 42 U.S.C. § 1983. *See Edward v. Jail*, No. 2:16-CV-11596, 2016 WL 2937146, *2 (E.D. Mich. May 20, 2016) (collecting cases); *Coopshaw v. Lenawee Cnty. Sheriff's Off.*, No. 05-CV-72569, 2006 WL 3298898, *6–7 (E.D. Mich. Nov. 14, 2006) (collecting cases); *see also Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (holding that police departments may not be sued under § 1983); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (per curiam) (same for sheriff's departments). Because Plaintiff has only sued the "Genesee County Jail" under § 1983, he has not stated a claim upon which relief may be granted.

### III.

Plaintiff has not substantially showed the denial of a constitutional right by the defendant that he has identified. Thus, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(1)(a), (2); FED. R. APP. P. 22(b). And Plaintiff may not appeal *in forma pauperis* because any appeal would be frivolous. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).

### IV.

Accordingly, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Plaintiff is **DENIED** a certificate of appealability.

Further, it is **ORDERED** that Plaintiff is **DENIED** permission to appeal *in forma pauperis*.

Dated: October 25, 2022         s/Thomas L. Ludington
                                THOMAS L. LUDINGTON
                                United States District Judge